[No. 31567. Department Two. May 3, 1951.]

MARGARET CUNNINGHAM, *Appellant*, v. CHARLES BATTEE, *Respondent*.[1]

[1]Reported in 230 P. (2d) 989.

*John F. Evich,* for appellant.

*Riddell, Riddell, Williams & Madden,* for respondent.

GRADY, J.—This action was instituted by the appellant, Margaret Cunningham, against the respondent, Charles Battee, to secure a decree setting aside two deeds executed by her, conveying to respondent a one-half interest in certain real estate; requiring respondent to convey to appellant a certain tract, for which she had paid the purchase price, and adjudging that he was indebted to her in the sum of $15,610. The court rendered a memorandum decision, followed by the making of findings of fact, conclusions of law and a decree dissolving a partnership found to have existed between the parties, declaring them to be equal owners in common of the two pieces of real estate, denying the relief sought by appellant and awarding respondent a judgment against her in the sum of $15,665.93.

The theory advanced by appellant in her complaint was that she employed respondent to assist her in the operation of her hotel properties; that relying upon his promises of marriage, she was induced to convey to him a one-half interest in certain real estate, and to intrust him with keys to her safe deposit box; that he refused to marry her, appropriated money from the deposit box to his own use, and otherwise obtained money from her. The amended answer and counterclaim alleges that the parties made an oral agreement that they would operate the hotel properties which appellant was purchasing, and out of the income she would be reimbursed for her advances on the purchase

price, and thereupon each party would become the owner of an undivided one half of such properties; that the balance of the price would be paid out of net income; that this arrangement was fully carried out, and in addition thereto the parties had purchased an apartment house; that the verbal agreement continued until January 1, 1947, when a written partnership contract was made; that from March 1944 to the time of the commencement of this action (March 1949) a net income had been accumulated of $31,450.11, which belonged jointly to appellant and respondent, and which was in her possession. Respondent sought a dissolution of the partnership, a money judgment in the sum of $15,725.05 and a mutual accounting.

The trial took a wide range. Much of the verbal testimony was conflicting. The trial court adopted the theory of respondent in most respects, and rejected that of appellant, particularly with reference to the transfers of property by appellant to respondent being based upon any marriage arrangement and any misappropriation of funds by respondent.

The appellant in her brief presents the following questions for our determination: (a) whether appellant and respondent made an oral agreement of partnership covering a period from about March 1944 to January 1, 1947, in the carrying out of which respondent was to become the owner of a one-half interest in certain real estate, and to have one half of the income derived therefrom; (b) whether a written partnership agreement entered into, effective January 1, 1947, was induced by promises of respondent to contract a marriage with appellant; (c) whether appellant was induced by respondent to convey a one-half interest in real estate to him because of his agreement to contract marriage with her; (d) whether the court was in error in denying appellant a money judgment against respondent and in granting such a judgment to respondent against appellant, arising out of an accounting of their business affairs.

(a) We are in accord with the view of appellant that, in its inception, the business arrangement between herself

and respondent was not a partnership as that relationship is ordinarily understood. We do not gather from the findings of fact that the trial court considered a partnership existed. The record shows that, at the time appellant became acquainted with respondent, she was operating a small hotel. She sought the advice of respondent about purchasing that piece of property and the one adjoining. The buildings on the lots were so constructed that the ground floor was capable of being used for general business purposes, and the upper part as a hotel or rooming house. The plan of appellant met with the approval of respondent. She entered into a contract for the purchase of the property. Although the appellant had some previous business experience in the operation of the hotel, she felt the need of the business judgment of respondent and his assistance in its management, particularly in view of the kind of patronage such a hotel would have.

There is much conflict in the testimony as to the precise nature of the arrangement made by appellant and respondent. The appellant claimed that respondent entered into her employ to assist her in managing the hotel on a salary basis. In support of this she produced a receipt signed by respondent dated August 22, 1944, showing a payment to him of two hundred dollars for services rendered as manager of the main hotel. This is the only document indicating that any salary was paid or received. Respondent denied the existence of any agreement that he would receive any compensation for his services as a joint manager of the hotel.

The course of dealing between appellant and respondent is consistent with the version of respondent that neither party would be paid any salary. The court found, and we think the finding is supported by a preponderance of the evidence, that the parties agreed they would jointly manage the hotel property; that out of the income the expenses would be paid; that appellant would be reimbursed for what she had advanced on the contract to purchase the property; that the installments of purchase price would be paid out of income, and the remaining profits would be divided

equally; that when appellant was reimbursed and the balance of the purchase price paid, she would convey to respondent a one-half interest in such property. This was accomplished by two separate deeds, one dated November 8, 1946, and the other January 20, 1947. Commencing August 14, 1944, appellant leased some of the store rooms to respondent, the last lease being dated March 26, 1946, for a five-year term. The leased property was operated and managed by respondent as his own separate business.

It is our opinion that, prior to January 1, 1947, the business relationship between appellant and respondent was not a partnership, but one for the joint operation of the hotel with an equal division of net income, coupled with a promise on the part of appellant to convey a half interest in the hotel properties to respondent.

We shall consider subdivisions (b) and (c) together, as they are based upon a determination of whether appellant and respondent had any agreement to marry. The verbal testimony on the subject of marriage is in direct conflict. Any conclusion reached must, in the main, depend upon the veracity of witnesses.

Our examination of the record brings us in accord with the trial court in its finding that the assertion of appellant was not true. When appellant and respondent made their first business arrangement in 1944, appellant was a married woman. Her husband was in the military service. In December 1945 appellant made a property settlement with her husband, instituted a suit for divorce and a final decree was entered August 2, 1946. Shortly after the inception of the business arrangement, respondent took up his place of abode in the hotel, and after appellant was divorced they resided in a home owned by appellant. There is some evidence to the effect that the parties became intimate, but the trial court was of the view that their relationship was primarily of a business nature. The respondent never contemplated marrying appellant, and she was not at any time misled in that respect. By conveying a half interest in the real estate to respondent and entering into the written

partnership agreement with him, appellant merely carried out their business arrangement, and neither act was induced by any promise of marriage.

■ (d) The greater part of the money over which the parties have litigated was derived from the income accruing between March 1944 and January 1, 1947. At the close of the trial, the court appointed a referee to take an accounting of the financial transactions had pursuant to the written partnership agreement. On May 2, 1950, a stipulation was filed by which it was agreed that, as of April 30, 1950, on the basis of facts found by the court, appellant was indebted to respondent in the sum of $943.85.

The joint operation of the hotel properties was profitable. Out of the income the appellant was reimbursed for the money she had advanced on the purchase price of the hotel property. The monthly installments on the contract to purchase and the taxes and operating expenses were paid out of such income. The initial payment for the purchase of the apartment house was also made from income, as well as the monthly installments required by the contract. On January 1, 1947, the parties had on hand the sum of $24,468.84. The partnership agreement, effective January 1, 1947, contemplated the continued operation of the hotel property. No mention is made therein of the apartment house property or its operation. The agreement provided that the profits should be divided equally, and provisions were made for the handling of money and periodic accounting. The substantial part of the partnership agreement was not executed in the manner therein provided. The partners leased the hotel property to appellant on a monthly rental basis, and she thereafter operated it as her own separate business. Respondent operated store rooms on the ground floor of the hotel building as his separate business. The partnership income and disbursements were handled by a mutual verbal arrangement, but in view of the stipulation referred to it is unnecessary to make reference to their procedure. The court found that appellant had taken possession of both the common and partnership funds and

had refused to account therefor to respondent for his share, and in the judgment awarded respondent interest at the rate of six per cent.

The decree makes no reference to one of the lots constituting a part of the hotel property (lot 2), nor to the real estate described in paragraph three of the complaint, and we shall therefore assume such issues as have been tendered in regard to such property are not before us for consideration.

We cannot accept the criticisms made by appellant of the findings made by the court, nor with reference to the manner in which it reached its conclusions from the evidence. The record indicates that the case was well and fully tried and presented by counsel for both parties, and that the trial judge gave the testimony of the witnesses and each item of documentary evidence a most painstaking and careful consideration. We are in full accord with his conclusions as to the credibility of appellant and respondent as witnesses and the weight given to their testimony.

The judgment is affirmed.

ROBINSON, MALLERY, and HAMLEY, JJ., concur.

SCHWELLENBACH, C. J. (dissenting)—I dissent from that portion of the majority opinion which holds that there was an oral agreement providing for the joint operation of the business prior to January 1, 1947.

Appellant bought and paid for the hotel property in March, 1944. Respondent contributed nothing financially toward this venture. August 14, 1944, respondent, as lessee, leased one of the store fronts from appellant, as lessor, at a rental of thirty-five dollars a month and operated a smoke shop. To finance this operation he borrowed five hundred dollars from appellant and gave her his promissory note. May 1, 1945, appellant leased to respondent for two years, at one hundred and thirty-five dollars a month, the store front previously leased and two additional store fronts, where he operated a restaurant. Later, on March 26, 1946, appellant leased the same premises to respondent for a period of five years for a monthly rental of one hundred and

thirty-five dollars. Respondent operated these premises solely as his own business and made no accounting to appellant.

January 20, 1947, a partnership agreement (drawn up by respondent's attorney) was entered into between Margaret Cunningham, as first party, and Charles Battee, as second party. It recited that in 1943, and subsequent thereto, *first party* purchased the real estate involved, and that, by deeds executed November 8, 1946, and January 20, 1947, first party had given to second party an undivided one-half interest in said property. The agreement then recited:

"WHEREAS, the parties desire to form a partnership for the management of the improvements located on the above described real estate, and to have second party manage the same, Now THEREFORE

"IT IS HEREBY AGREED:

I.

"That the parties hereto associate themselves together in a partnership for the management and control of the above described real estate and of all buildings and improvements situated thereon, from and after the first day of January, 1947; that each party shall have a fifty (50%) per cent interest in the profits and in the losses of said business."

After setting forth the provisions for the conduct of the partnership, the parties provided, in Paragraph VIII:

"This agreement represents the entire agreement between the parties hereto and shall become effective as of January 1, 1947, as aforesaid."

Clearly, no partnership existed prior to January 1, 1947. When the parties stated, on January 20, 1947, that the agreement represented *the entire agreement between the parties,* they stipulated that no other oral contract had been entered into either for a partnership or for a joint operation. If any joint operation had been conducted prior to January 20, 1947, whereby appellant was indebted to respondent, it would have been mentioned in the written contract.

Respondent takes the view that as to anything earned prior to January 1, 1947, what was his was his own, and

what was hers was half his. He has failed to prove an oral contract providing for any joint operation of the property prior to the execution of the partnership agreement.

---

July 9, 1951. Petition for rehearing denied.